## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JOHN S.[1],**

      **Plaintiff,**

   v.                                     **Civil Action 2:22-cv-4207**
                                               **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

### OPINION AND ORDER

Plaintiff, John S., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 10), Plaintiff's Reply (ECF No. 11), and the administrative record (ECF No. 7). For the reasons that follow, the Court **OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner's decision.

**I.   BACKGROUND**

Plaintiff filed his application for benefits on July 29, 2020, alleging that he has been disabled since May 19, 2020, due to "constant pain from [a] right hand injury in 1980, most of [his] right hand missing, left shoulder damage, fatigue, compromised immunity from C.Diff, memory [failure], and headaches." (R. at 144-50, 189.) Plaintiff's application was denied

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

initially in October 2020 and upon reconsideration in January 2021. (R. at 59-65, 67-73.) Plaintiff then sought a *de novo* hearing before an administrative law judge. (R. at 95-111.) Administrative law judge Noceeba Southern (the "ALJ") held a telephone hearing on September 29, 2021, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 31-58.) A vocational expert ("VE") also appeared and testified. (*Id.*) On October 28, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 12-30.) The Appeals Council granted Plaintiff's request for review, and remanded the matter for further proceedings. (R. at 1-6.) The matter is thus properly before this Court for review.

## II.  RELEVANT RECORD EVIDENCE

The Court has thoroughly reviewed the transcript, including Plaintiff's medical record, function and disability reports, and testimony about his conditions and resulting limitations. Given the claimed error raised by Plaintiff, rather than summarizing that information here, the Court will refer and cite it as necessary in the discussion of the parties' arguments below.

## III.  ADMINISTRATIVE DECISION

On October 28, 2021, the ALJ issued her decision. (R. at 12-30.) The ALJ first found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (R. at 17.) Then, at step one of the sequential evaluation process,[2] the ALJ found that

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

    1.    Is the claimant engaged in substantial gainful activity?
    2.    Does the claimant suffer from one or more severe impairments?
    3.    Do the claimant's severe impairments, alone or in combination, meet or equal the

Plaintiff has not engaged in substantial gainful activity since May 19, 2020, the alleged onset date. (*Id.*) The ALJ then found that Plaintiff has three severe physical impairments. (*Id.*) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 20.) Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he is limited to occasional pushing and/or pulling with the right upper extremity; no climbing ladders, ropes, or scaffolds; no crawling; no exposure to hazards such as moving machinery, heavy machinery, and unprotected heights; occasional handling, fingering, and feeling with the right upper extremity; and frequent overhead reaching with the left upper extremity.

(R. at 21.) Relying on the VE's testimony, the ALJ concluded at step four that Plaintiff can perform past relevant work as a news director, which does not require the performance of work-related activities precluded by Plaintiff's RFC. (R. at 24.) At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, such as a counter supply worker, furniture rental clerk or usher. (R. at 24-26.) The ALJ then concluded that Plaintiff has not been under a disability since May 19, 2020. (R. at 26.)

---

<div style="margin-left: 2em;">

criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

</div>

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). Yet "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.     ANALYSIS

In his Statement of Errors, Plaintiff contends that "the ALJ determined at step two that Plaintiff's mental impairments were non-severe and found he had no more than a mild limitation in understanding, remembering and applying information," but "the ALJ failed to discuss whether that limitation had any effect on Plaintiff's RFC" at step four. (ECF No. 8 at PAGEID # 501.) Plaintiff believes that this failure constituted reversible error, especially because "the evidence suggested Plaintiff's mental state had at least some impact on his functioning." (*Id.* at PAGEID ## 501-503.) In its Opposition, the Commissioner rejects Plaintiff's argument because "symptoms alone are never enough to warrant inclusion in the [RFC]." (ECF No. 10 at PAGEID # 507.) The Commissioner notes that the ALJ only found Plaintiff's substance abuse disorder to be medically determinable, but Plaintiff then stopped using alcohol, so the remaining alleged mental impairments were not medically determinable. (*Id.*) The Commissioner therefore argues that the ALJ's decision was "entirely correct," and submits that "Plaintiff's arguments to the contrary are based on an incorrect interpretation of the regulations and case law." (*Id.* at PAGEID # 510.) To this end, the Commissioner maintains that "[w]hen an impairment is non-severe," as here, "there is no requirement that [a] limitation be included in the [RFC] to account for that impairment if no limitations are found." (*Id.* at PAGEID # 511.) In his Reply brief, Plaintiff largely restates the arguments he set forth in the Statement of Errors, concluding that "error does exist where the ALJ fails to provide an explanation for why [a mild mental impairment] does not cause any corresponding limitation to be included in the RFC." (ECF No. 11 at PAGEID # 519.) The matter is thus fully briefed and ripe for judicial review.

As a threshold matter, Plaintiff is correct that pursuant to Social Security Ruling ("SSR") 96-8, an ALJ "must consider limitations and restrictions imposed by all of an individual's

impairments, even those that are not severe." (ECF No. 8 at PAGEID # 499 (internal quotation marks and citation omitted).) Here, the ALJ identified Plaintiff's substance abuse disorder as a medically determinable mental impairment at step two, but did not discuss whether it affected Plaintiff's RFC at step four after concluding that it was nonsevere. (*See* R. at 18-19.) The parties do not dispute this – they merely dispute whether the ALJ's failure to do so constituted reversible error.

The Commissioner's arguments are well taken, given the relatively recent guidance on this very issue from the United States Court of Appeals for the Sixth Circuit in *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844 (6th Cir. 2020). In that case, the Sixth Circuit detailed the extent to which an ALJ must consider nonsevere impairments in the RFC determination:

> Although the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's nonsevere impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and "all symptoms" at this step in the process. This court in *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589 (6th Cir. 1987), concluded that **an ALJ's statement that he had conducted "a thorough review of the medical evidence of record," along with the fact that the ALJ had considered the claimant's impairments individually, sufficed to show that the ALJ had considered the impairments in combination**. *Id*. at 591–92. It explained that "the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered," and "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Id*. at 592. As in *Gooch*, the ALJ's statements that she had considered the entire record and all of Emard's symptoms suggest that she had considered Emard's impairments in combination.
>
> Moreover, the ALJ specifically noted in her summary of the applicable law that she was required to comply with SSR 96-8p's mandate to "consider all of the claimant's impairments, including impairments that are not severe." District courts in this circuit have held that **an ALJ need not specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p**. *See, e.g.*, *Morrison v. Comm'r of Soc. Sec.*, No. 1:14-CV-1059, 2016 WL 386152, at *4 (W.D. Mich. Feb. 2, 2016), *aff'd*, No. 16-1360, 2017 WL 4278378 (6th Cir. Jan. 30, 2017); *Davis v. Comm'r of Soc. Sec.*, No. 1:14-CV-0413, 2015 WL 5542986, at *4 (W.D. Mich. Sept. 18, 2015). These decisions have relied on this court's decision in *White v.*

>*Commissioner of Social Security*, 572 F.3d 272 (6th Cir. 2009), where an ALJ's statement that she considered a Social Security Ruling pertaining to credibility findings sufficed to show that the ALJ complied with that ruling. *Id.* at 287. **The ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis, fully support our conclusion that the ALJ complied with 20 C.F.R. § 416.945(e) and SSR 96-8p.**

*Id.*, 953 F.3d at 851–52 (6th Cir. 2020) (emphasis added). Accordingly, the Sixth Circuit has advised courts to look for three things when determining whether an ALJ properly considered all of a plaintiff's impairments when crafting the RFC: (1) an "express reference to SSR 96-8p"; (2) a "discussion of the functional limitations imposed by [the plaintiff's] nonsevere impairments at step two of [the] analysis"; and (3) a "subsequent assurance that [the ALJ] had considered the entire record and all symptoms." *Thoenen v. Comm'r of Soc. Sec.*, No. 5:21-CV-1101, 2022 WL 3577414, at *3 (N.D. Ohio Aug. 19, 2022) (internal quotation marks omitted) (citing *Emard*).

The ALJ included each of these three statements in the subject decision. First, as in *Emard*, the ALJ's decision here explicitly referenced SSR 96-8p as the ALJ stated that she "must consider all of [Plaintiff's] impairments, including impairments that are not severe (20 CFR 404.1520(e) and 404.1545; SSR 96-8p)." (R. at 16-17.) *See Emard*, 953 F.3d at 851 ("[T]he ALJ specifically noted . . . that she was required to comply with SSR 96-8p's mandate to consider all of the claimant's impairments, including impairments that are not severe.") (internal quotation marks omitted).[3]

---

[3] Plaintiff acknowledges that the ALJ used such language, but dismisses it as "boilerplate." (ECF No. 8 at PAGEID # 502.) Boilerplate or not, this language is vital to setting forth a sufficient explanation under *Emard*. *See Langley v. Comm'r of Soc. Sec. Admin.*, No. 1:19 CV 2803, 2021 WL 1185474, at *2 (N.D. Ohio Mar. 30, 2021) ("As an initial matter, the ALJ's decision did not contain an express reference to SSR 96-8p. This failing, albeit somewhat technical, distinguishes this case from *Emard*.").

7

Next, the ALJ thoroughly discussed the functional limitations imposed by Plaintiff's nonsevere mental impairments at step two:

> There is little indication of significant functional limitation related to the claimant's mental condition. The claimant did testify at the hearing that he had some has some depression symptoms that make it difficult to think clearly. He reported some problems concentrating, solving problems, and remembering. He has taken vitamin D and testosterone cream to treat his depression symptoms. Notably though, the claimant has described activities of daily living that do not appear to be impaired by his mental condition, including an ability to care for his dog; do personal care such as showering and getting dressed; cook meals, do laundry, sweep, and clean around the house; and mow the lawn and take out the trash. Perhaps most notably, neither the state agency psychological consultants nor the psychological consultative examiner identified a severe mental impairment or any notable mental functional limitations. Indeed, during the consultative examination, the claimant was able to follow directions, had no difficulty with concentration, reported a history of sustained and satisfying relationships, and reported having social supports. **For these reasons, the undersigned finds there is mild limitation in the claimant's ability to understand, remember, and apply information related largely to his fatigue complaints.** There is no support in the record for a limitation in any other mental functional domain.

(R. at 19 (emphasis added; internal citations omitted).) *See Thornton v. Saul*, No. 4:20-CV-01420-JRA, 2021 WL 3934332, at *11 (N.D. Ohio June 21, 2021), *report and recommendation adopted sub nom. Thornton v. Comm'r of Soc. Sec.*, No. 4:20CV1420, 2021 WL 4025192 (N.D. Ohio Sept. 2, 2021) ("[T]he ALJ properly considered the full scope of [Plaintiff's] [severe and non-severe] left-ankle impairments and how those impairments translated to functional limitations, if any, which satisfies her duty to consider a claimant's severe and non-severe impairments in each subsequent step.") (citing *Emard*).

Finally, the ALJ expressly stated that her decision stemmed from "careful consideration of the entire record" and that she "considered all symptoms." (R. at 21.) *See Emard*, 953 F.3d at 851 (noting the ALJ "stated that she had carefully considered the entire record and 'all symptoms'" at step four). Under *Emard*, the ALJ therefore provided a sufficient basis for the

8

Court to conclude that she properly considered all of Plaintiff's impairments when crafting the RFC.

Plaintiff's rebuttals do not change this result. First, the Court notes that Plaintiff fails to recognize – let alone distinguish – *Emard* at all, not only in his Statement of Errors, but also (perhaps more tellingly) in his Reply brief. (*See generally* ECF Nos. 8, 11.) Indeed, the Court also notes that *none* of the legal authority on which Plaintiff's argument rests were issued after *Emard*. (*See generally id.*) While Plaintiff's authority may have been persuasive before *Emard*, this Court is now bound *Emard* – especially in the absence of any attempt to distinguish it from the subject action.

Finally, the Court also rejects Plaintiff's argument that the Court should remand because "the evidence suggested Plaintiff's mental state had at least some impact on his functioning." (ECF No. 8.) This argument is not well taken, because throughout step two, the ALJ cited an abundance of evidence – both from Plaintiff's subjective reports and various objective medical records – to support her conclusion that there was "no support in the record for a limitation in any other mental functional domain" beyond Plaintiff's ability to understand, remember, and apply information. (R. at 18-19 (citing R. at 59-65, 67-73, 195-202, 248, 254, 407-412, 420, 422, 447, 449, 459).) In any event, the ALJ *agreed* that Plaintiff's mental state had at least some impact on his functioning, as she noted that Plaintiff's nonsevere mental impairments – specifically his fatigue complaints – "have been considered in conjunction with his severe physical impairments, in limiting him to medium exertion." (R. at 18.) Plaintiff clearly wanted the ALJ to impose additional limitations. But the ALJ's conclusion is well supported by substantial evidence. As a result, the Court is powerless to change it – regardless of whether the record could also support an opposite conclusion. *Nash v. Comm'r of Soc. Sec.*, No. 19-6321,

9

2020 WL 6882255, at *4 (6th Cir. Aug. 10, 2020) ("Even if the record could support an opposite conclusion, we defer to the ALJ's finding because it is supported by substantial evidence, based on the record as a whole.") (internal citations omitted).  Plaintiff's assignment of error is therefore not well taken.

## VI.   CONCLUSION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits and that the ALJ's decision was made pursuant to proper legal standards.  Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **OVERRULED** and the Commissioner's decision is **AFFIRMED.**  The Clerk is **DIRECTED** to enter judgment accordingly.

       **IT IS SO ORDERED.**

**Date: September 20, 2023**              /s/ *Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**